UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| FATIMA ROBERTSON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )  No.: 22-cv-2109-MMM |
| | ) |
| ROB JEFFREY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and incarcerated at Logan Correctional Center, files an amended complaint[1] under 42 U.S.C. § 1983 alleging violations of her constitutional rights at Decatur Correctional Center ("Decatur"). (Doc. 12). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the amended complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## ALLEGATIONS

Plaintiff claims that she heard Defendant Knapp, a correctional officer, yelling and cussing at another inmate on January 21, 2022. Plaintiff alleges that she had to call a crisis team member because the altercation caused her to have a panic attack.

---

[1] The Court struck Plaintiff's initial complaint because she did not sign it. (Doc. 1).

1

Plaintiff claims that Defendant Bartelli, a correctional officer, made unwelcome sexual comments on February 2, 2022, watched Plaintiff during his shifts, and called her a "bitch." (Doc. 10 at 7).

Plaintiff next claims that on February 14, 2022, she had a "heated verbal altercation" with Defendant Knapp. *Id.* at 6. Plaintiff alleges that Defendant Knapp yelled, screamed, and cussed at her and allegedly said "black bitches have too much." *Id.* Defendant Park, a lieutenant and the head of internal affairs, heard the commotion and came to talk to Plaintiff, who explained to Defendant Park that Defendant Knapp "is like this all the time on our unit." *Id.*

Plaintiff alleges that correctional officer Shanuel shook down her room while she was in the shower on March 2, 2022, after Defendant Bartelli allegedly told Shanuel to look for her in the shower. When Plaintiff asked Defendant Bartelli "what his problem was," Bartelli allegedly said "your black ass." *Id*. at 7.

Plaintiff alleges that on March 2, 2022, Defendants Snyder and Park were made aware that another offender was calling Plaintiff and others in her housing unit derogatory names. *Id.* Plaintiff alleges that Defendants did not discipline the offender; however, internal affairs allegedly took action after inmate Brianna Cotton had a physical altercation with the offender on March 4, 2022.

On March 3, 2022, Defendant Bartelli allegedly said that he knew Plaintiff was in a sexual relationship with other offenders and was going to catch her "room visiting." *Id.* at 7. Plaintiff claims that she "dropped slips" to Warden Narrio, but the warden never talked to Plaintiff.

Plaintiff alleges that on March 4, 2022, she was in the shower with another inmate when Defendant Tumey, a correctional officer, snatched the shower curtain open and told them to quiet

down. Other offenders who were waiting to use the shower saw Plaintiff's exposed body. Another inmate informed Plaintiff that Defendant Bartelli allegedly told Defendant Tumey to open the curtain. Plaintiff alleges that she "lost it" and screamed that she wanted a PREA. *Id.* at 8. When Plaintiff got out of the shower, Plaintiff explained the situation to Defendant Major Horn, who allegedly "provided no help and [her] PREA didn't happen." *Id.* Plaintiff states that she messaged her father about everything.

Plaintiff claims that she was called to internal affairs and was told that she was being moved by Defendant Park because of the message. Plaintiff returned to her housing unit to pack her things and encountered Defendant Knapp and correctional officer Hoffman. Plaintiff claims that Defendant Knapp called her a "bitch" and told her "to hurry up and get the fuck out." *Id.* Plaintiff walked to the correctional officer desk and asked Defendant Knapp who was a "bitch." *Id.* When Knapp responded "you," Plaintiff hit him. Plaintiff states that she was found guilty of assault with injury and received a year in segregation. Plaintiff claims she should have been in segregation for only six months because there was no proof that Defendant Knapp was injured, but Defendant Park allegedly "fabricated a lot of things on [her] ticket." *Id.*

Plaintiff states that she is depressed, has nightmares and trouble sleeping, and the dosage of her medication was increased to help her sleep.

## ANALYSIS

Plaintiff named Rob Jeffrey, the Director of the Illinois Department of Corrections ("IDOC"), as a Defendant in his individual and official capacities, but she did not include any allegations against him in the body of her amended complaint. Defendant Jeffrey is not liable based solely on his supervisory role as IDOC Director. *See Brown v. Randle*, 847 F.3d 861, 865 (7th Cir. 2017) ("Public officials are accountable for their own conduct, but they are not vicariously liable

for the acts of their subordinates."). If state prison officials are named, they must be named in their individual capacities, and Plaintiff must allege that the official personally participated in the deprivation or was deliberately reckless as to the misconduct of subordinates or was aware and condoned, acquiesced, or turned a blind eye to it. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Defendant Jeffrey is DISMISSED, without prejudice, for failure to state a claim. Plaintiff will be given an opportunity to amend her complaint.

Regarding the other named Defendants, Plaintiff's myriad claims are not properly joined in one lawsuit. Unrelated claims against the same defendant may be joined in one action, but different defendants can be joined in one action only if the claims against them arise from the same series of transactions or occurrences. Fed. R. Civ. P. 18, 20; *Kadamovas v. Stevens*, 706 F.3d 843 (7th Cir. 2013) (court "can require the plaintiff 'to file separate complaints, each confined to one group of injuries and defendants.'") (quoted cite omitted); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions."); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits…"). Here, Plaintiff includes claims that occurred on multiple different dates in January, February, and March 2022 involving different Defendants. These claims do not arise from the same transaction or series of related transactions simply because the alleged events occurred while she was incarcerated at Decatur Correctional Center. Therefore, Plaintiff's amended complaint is dismissed without prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. She will be given leave to file a second amended complaint in 30 days.

Finally, Plaintiff indicated that she filed grievances concerning the facts related to this case. (Doc. 10 at 5). When asked if the grievance process was complete, however, Plaintiff indicated "all but 1." *Id.* Plaintiff must complete the grievance process before filing a lawsuit, not after. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). If a prisoner fails to follow all of the necessary grievance procedures, the claim will not be exhausted, and will be barred, even if there are no remaining administrative remedies available. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). It is recognized that the failure to exhaust is "an affirmative defense that ordinarily should be raised—and must be proven—by the defendant. A district court may dismiss a complaint where 'the existence of a valid affirmative defense, such as the failure to exhaust, is so plain from the face of the complaint that the suit can be regarded as frivolous…But the defense must be unmistakable….'" *Boyce v. Illinois Dep't of Corr.*, 661 F. App'x 441, 443 (7th Cir. 2016) (internal citations omitted). Plaintiff is hereby placed on notice that if she failed to exhaust the available prison grievance procedures, her complaint must be dismissed. Out of an abundance of caution, Plaintiff will be given an opportunity to address this issue in the event she files a second amended complaint.

**IT IS THEREFORE ORDERED:**

1.  Plaintiff's amended complaint is dismissed without prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have the opportunity to file a second amended complaint within 30 days from the entry of this Order. Plaintiff's second amended complaint will replace Plaintiff's amended complaint in its entirety. The second amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. Failure to file a timely second amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

2. Plaintiff's Motion for Status [12] requesting the status of her case is now MOOT as a result of this Order.

ENTERED:   9/27/2022

                                                                               s/ Michael M. Mihm
                                                                               Michael M. Mihm
                                                                               United States District Court Judge